## COWAN v. NEW YORK CALEDONIAN CLUB.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

1. BENEFICIAL ASSOCIATIONS — BY-LAWS—AMENDMENT — ADOPTION — PRESUMP-
TION.

The by-laws of a mutual benefit association provided that they should
not be amended unless three-fourths of the members present at the meet-
ing when the proposed amendment was voted on voted in favor of it. The
records of the association showed that an amendment was voted on at a
regular meeting, after due notice, and that 46 voted for, and 4 against,
the amendment, which was immediately declared adopted by the presiding
officer, and the society thereafter acted on the amendment. *Held*, in the
absence of evidence to the contrary, that it will be assumed that all the
members present participated in the vote, and that it was adopted by the
required majority.

2. SAME—DELINQUENT MEMBERS—RIGHT TO BENEFITS.

The by-laws of a mutual benefit association provided that any member
indebted for dues for one year should be in arrears, and be subject to have
his name stricken from the roll of membership, unless he could make ex-
cuse satisfactory to two-thirds of the members present at the next regular
meeting after the penalty had been incurred. *Held*, that one in arrears
for over a year, and liable to have his name stricken from the rolls, was not
in good standing, so as to be entitled to benefits to which only members
not in arrears were entitled.

3. SAME—BY-LAWS—REASONABLENESS.

By-laws of a mutual benefit association, organized to pay a certain sum
towards defraying the funeral expenses of deceased members, providing
that any member indebted for one year should be held to be in arrears, and,
being in arrears, should not be entitled to payment of the benefit, and au-
thorizing amendment only on a two-thirds vote of the members present
at a regular meeting, after the amendment had been proposed in writing
and presented to the association at least one month prior to being voted
on, are reasonable and valid.

Appeal from municipal court, borough of the Bronx, Second dis-
trict.

Action by Annie Cowan against the New York Caledonian Club.
From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

James C. McEachen, for appellant.
Timothy Powers, for respondent.

HATCH, J. The action was brought to recover the amount of a
funeral benefit provided by the constitution and by-laws of the de-
fendant. Article 24 of the defendant's rules and regulations pro-
vided that, "on the death of a member in good standing for one year,
the sum of fifty dollars shall be paid to his relatives or friends hav-
ing charge of the funeral arrangements, to assist in defraying the
expenses of the same." By article 17 it is provided that "any mem-
ber indebted for dues for one year shall be held to be in arrears."
By an amendment adopted March 6, 1894, to section 3 of this article,
it was provided that "no member who is in arrears shall be allowed
to hold office, * * * nor shall the funeral allowance of $50 be
paid to his relatives or friends in case of death." It appeared that
Angus Cowan, the member on account of whose death the benefit

is claimed, was in arrears, within the terms of the regulations of the defendant, at the time of his death, and had been for more than a year prior thereto. If these rules and regulations were in force at the time of Cowan's death, then it seems clear that no liability existed upon the part of the defendant to pay the funeral benefit. By article 48 of the rules and regulations, it is provided that the rules and regulations shall not be repealed, annulled, altered, amended, or suspended, unless a proposal in writing be presented to the club at least one month previous to action being taken thereon, when, if three-fourths of the members present vote in favor of the motion, it shall be adopted. The vote was to be by show of hands, unless three members called for a ballot, and, however the vote was taken, a record of the members voting was required to be kept. It appeared that the proposal to amend section 3 of article 17 was properly proposed and voted upon at a regular meeting; that the amendment was adopted by a vote of 46 for to 4 against, and was immediately declared adopted by the presiding officer. It did not appear that the members voting for the amendment constituted three-fourths of the members present at this meeting, as is required by article 48. In the absence of proof showing the contrary, we think it must be assumed that all the members present participated in the vote, especially as the amendment was declared adopted, and has been acted upon by the society since. Lawson, Pres. Ev. pp. 60–66. Aside from those considerations, as Cowan was in arrears for dues he was not in good standing, as he was then subject to have his name erased, unless he could make excuse satisfactory to two-thirds of the members present at the next regular meeting after the penalty had been incurred. By the terms of the article providing for the funeral benefit, before the same was amended, it was required that the member should have been in good standing at death. It cannot be said that a member is in good standing when it is necessary, to prevent his name being erased from the roll of membership, that he shall be able to satisfy two-thirds of his brethren assembled at a regular meeting that his excuse for being in arrears is sufficient to call for the remission of the penalty. These rules are in all respects reasonable and fair, when we consider the character of the organization and the purpose of its existence. In respect to the funeral benefit, the scheme of the society is purely charitable, from which it derives no pecuniary benefit. It is in no sense an insurance society, and cannot be made subject to the rules of such organizations. It follows that the judgment should be reversed, and a new trial granted.

Judgment of the municipal court reversed, and new trial ordered, costs to abide the event. All concur.